

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INGRID SMITH                          :        CIVIL ACTION
                                      :
          v.                          :
                                      :
SOUTHEASTERN PENNSYLVANIA             :
TRANSPORTATION AUTHORITY              :        NO. 08-2927

FILED

MAY 15 2009

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

MEMORANDUM

Bartle, C.J.                                          May 15, 2009

          Plaintiff Ingrid Smith has sued defendant Southeastern
Pennsylvania Transportation Authority ("SEPTA"), her former
employer, for violations of the Family and Medical Leave Act of
1993 ("FMLA"), 29 U.S.C. §§ 2601-2654.

          Now before the court is the motion of SEPTA for summary
judgment.

                                I.

          Summary judgment is appropriate "if the pleadings, the
discovery and disclosure materials on file, and any affidavits
show that there is no genuine issue as to any material fact and
that the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477
U.S. 317, 323 (1986). A dispute is genuine if the evidence is
such that a reasonable jury could return a verdict for the non-
moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254
(1986). After reviewing the evidence, the court makes all
reasonable inferences from the evidence in the light most

favorable to the non-movant.  In re Flat Glass Antitrust Litig.,
385 F.3d 350, 357 (3d Cir. 2004).

II.

The following facts are undisputed or taken in the
light most favorable to plaintiff, the non-movant.  SEPTA
employed plaintiff as a bus operator from 1998 until her
termination on June 30, 2005.  During that time, plaintiff was a
member of Local 234 of the Transport Workers' Union.  A
collective bargaining agreement ("CBA") between SEPTA and Local
234 governed the terms of plaintiff's employment.

Under the FMLA, an employee is entitled to 60 days of
medical leave during any 12-month period due to a serious health
condition that renders her "unable to perform the functions" of
her job.  29 U.S.C. § 2612(a)(1)(D).  The days of leave can be
taken consecutively or intermittently.  Id. § 2612(b)(1).  The
CBA between SEPTA and Local 234 specified that each employee's
available FMLA leave was computed by means of a "rolling
calender," as permitted by the Department of Labor.  See 29
C.F.R. § 825.200(b)(4).  Using this method, "each time an
employee takes FMLA leave, the remaining leave entitlement would
be any balance of the 12 weeks which has not been used during the
immediately preceding 12 months."  Id. § 825.200(c).

The CBA also incorporated a "no-fault" Attendance
Policy under which bus operators were assessed "points" for each
absence not attributable to FMLA leave.  SEPTA dispatchers
documented all absences upon Attendance Deviation Forms and gave

employees the opportunity to review and correct these records
before they were finalized.  Employees were disciplined for
absenteeism only if they accumulated a certain number of points
that varied with level of experience.  The CBA provided that all
disputes, including those pertaining to violations of the
Attendance Policy, would be addressed first through a grievance
procedure and afterward in arbitration.

     Plaintiff, who suffers from sickle-cell anemia, had
availed herself of FMLA leave on a regular basis throughout her
time with SEPTA.  Nonetheless, her absenteeism frequently
exceeded what was permitted under the FMLA, and as a result she
was disciplined under the Attendance Policy.  Moreover, plaintiff
had been involved in four separate accidents while driving a
SEPTA bus during 2003 and 2004.  In late 2004, after determining
that plaintiff was responsible for each of those accidents, SEPTA
sought to terminate her employment.

     In March, 2005, as a result of the intercession of
Local 234 on plaintiff's behalf, the parties entered into a "last
chance" agreement.  SEPTA specified that plaintiff's employment
would be terminated if she engaged in any discipline-worthy
conduct for a period of one year, spanning retroactively from
December 17, 2004 to December 16, 2005.

     In late June, 2005, SEPTA undertook a review of its
handwritten and computer records pertaining to plaintiff's recent
attendance.  It determined that plaintiff had exhausted her
available FMLA leave when she failed to report for work on

June 16, 2005 and that she was not entitled to additional FMLA leave until July 11, 2005.  It further concluded that plaintiff had failed to report for work on June 23, June 27, and June 28, 2005, and that these absences had resulted in a violation of the Attendance Policy.[1]  On June 30, 2005, SEPTA terminated plaintiff's employment pursuant to the terms of the "last chance" agreement.

Thereafter, Local 234 filed a grievance on plaintiff's behalf challenging her termination.  Representatives of Local 234 thoroughly reviewed SEPTA's records and concurred with SEPTA's assessment that plaintiff had exhausted her FMLA leave and subsequently violated the Attendance Policy.  Nonetheless, Local 234 requested a hearing on the grounds that plaintiff had been unaware that she had exceeded her FMLA leave and that she had misunderstood the applicable paperwork requirements.  SEPTA held a hearing on the matter, after which it affirmed its decision to terminate plaintiff's employment.  Neither plaintiff nor Local 234 on her behalf sought arbitration of the dispute pursuant to the CBA.  Plaintiff filed the instant lawsuit on June 23, 2008.

III.

Congress enacted the FMLA in 1993 in part "to entitle employees to take reasonable leave for medical reasons ...."  29

---

1.  In an affidavit submitted on April 17, 2009, plaintiff states that she reported for work on June 28, 2005 but that SEPTA did not permit her to fulfill her job duties.  This contradicts the allegations as set forth in her complaint, where she admits to having called in sick on that date.  As discussed later, this factual dispute is immaterial to our analysis.

-4-

U.S.C. § 2601(b)(1).  In her complaint, plaintiff alleges that
SEPTA violated the FMLA when it terminated her employment based
on her use of medical leave to which she was statutorily
entitled.  She bears the burden of proving that (1) she was
entitled to certain benefits under the FMLA, and (2) those
benefits were wrongfully denied.  Sommer v. Vanguard Group, 461
F.3d 397, 399 (3d Cir. 2006).  Defendant SEPTA now moves for
summary judgment on the grounds that plaintiff's action is time-
barred and, in the alternative, that she has raised no genuine
issue of material fact with respect to the merits of her claim.

Civil actions brought by employees pursuant to the FMLA
must normally be initiated within two years of the date of the
last event constituting the alleged statutory violation.  29
U.S.C. § 2617(c)(1).  The statute provides for a longer
limitations period of three years in cases where the employer
engaged in a "willful" violation.  Id. § 2617(c)(2).  The parties
agree that because this lawsuit was initiated more than two years
but less than three years after the alleged violation, the action
is time-barred absent evidence of willfulness on the part of
SEPTA.

The FMLA does not define willfulness, and our Court of
Appeals has not addressed the question.  Other courts in this
district, however, agree that plaintiff must produce evidence
"that the employer knew or showed reckless disregard for the
matter of whether its conduct was prohibited by the statute."
Sommer v. Vanguard Group, 380 F. Supp. 2d 680, 686 (E.D. Pa.

2005) (quoting Caucci v. Prison Health Services, Inc., 153 F.
Supp. 2d 605, 609 (E.D. Pa. 2001)).  The Sommer court, in
granting summary judgment for the defendant on plaintiff's FMLA
claim based on plaintiff's failure to introduce evidence of
willfulness, also relied upon Hillstrom v. Best W. TLC Hotel.
Id.  There, the Court of Appeals for the First Circuit emphasized
the strictness of the "willfulness" standard, stating that "if an
employer acts unreasonably, but not recklessly, in determining
its legal obligation, then it should not be considered willful."
Hillstrom v. Best W. TLC Hotel, 354 F.3d 27, 33 (1st Cir. 2003)
(internal quotation marks omitted).

        In this case, SEPTA maintained a well-documented policy
with respect to FMLA leave which had been bargained for and
embodied in a collective bargaining agreement.  SEPTA kept
detailed attendance logs in both handwritten and electronic
formats which plaintiff had the opportunity to review for
accuracy and amend if necessary, which the evidence demonstrates
that she did on several occasions.  SEPTA reviewed these records
in detail before taking action against plaintiff.  It then
permitted multiple representatives from plaintiff's union to
audit the underlying records for the possibility of error.  No
errors were found.  SEPTA then held a hearing to determine
whether some other basis existed upon which to overturn
plaintiff's termination.  Plaintiff offers no evidence that the
conclusion reached at that hearing was unreasonable, let alone
reckless.

In sum, we find no evidence that SEPTA terminated plaintiff in reckless disregard of whether her absences were protected under the FMLA. Plaintiff has failed to raise a genuine issue of material fact with respect to the element of willfulness. Fed. R. Civ. P. 56(c); see also Celotex, 477 U.S. at 323. Accordingly, we conclude that plaintiff's action is time-barred under 29 U.S.C. § 2617(c)(1).

We further conclude that even in the absence of the statute of limitations, plaintiff has introduced no evidence upon which a jury could return a verdict in her favor on the merits. Anderson, 477 U.S. at 254. As noted earlier, to survive summary judgment plaintiff must raise genuine issues of material fact as to whether she was entitled to certain benefits under the FMLA and whether those benefits were wrongfully denied. Sommer, 461 F.3d at 399.

Plaintiff's case rests solely upon a "Points History Report" authored by SEPTA which, she argues, establishes that she used at most 58 days of FMLA leave in the twelve months prior to her termination. If correct, this would mean that SEPTA violated the FMLA by denying her benefits to which she was entitled, that is, by basing her termination on absences which were in fact statutorily protected. SEPTA concedes that the Points History Report lists fewer than 60 entries bearing captions related to FMLA leave in the year before plaintiff's termination. Nonetheless, it notes that several entries correspond to absences

-7-

spanning more than a single day, thus resulting in undercounting of medical leave days if read cursorily.

SEPTA's interpretation of the Points History Report is plainly correct based on the face of the document itself.  That reading is reinforced by the contents of SEPTA's detailed records devoted solely to tracking FMLA leave.  These documents demonstrate that plaintiff had taken 62.5 days of medical leave in the twelve months prior to June 16, 2005 and that she was not entitled to take further medical leave until mid-July at the earliest.  Consequently, SEPTA did not deny FMLA benefits to plaintiff when it concluded that her absences on June 23, June 27, and June 28, 2005 resulted in a violation of the Attendance Policy.[2] We conclude that plaintiff has failed to raise a genuine issue of material fact as to the elements of her claim under the FMLA.  Fed. R. Civ. P. 56(c); see also Celotex, 477 U.S. at 323.

---

2.   As noted in footnote 1, plaintiff submitted an affidavit stating that she reported for work on the morning of June 28, 2005 but that SEPTA did not permit her to perform her job duties. She contends that without the points awarded for her alleged absence on that date, SEPTA improperly charged her with a violation of the Attendance Policy and thus improperly terminated her employment.
The instant claim requires evidence that SEPTA attributed points to her under the Attendance Policy for absences taken on days when she was entitled to FMLA leave.  Evidence that SEPTA may have mistakenly attributed points to her for an absence at a time when she was not entitled to FMLA leave is immaterial.  The record is clear that plaintiff was not entitled to FMLA leave on June 28, 2005, and as a result, the matter of her attendance on that date has no bearing on this case.

For the reasons stated above, we will grant summary judgment in favor of defendant SEPTA and against plaintiff Ingrid Smith.

ENTERED

MAY 1 5 2009

CLERK OF COURT