```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INGRID SMITH                       :       CIVIL ACTION
                                   :
          v.                       :
                                   :
SOUTHEASTERN PENNSYLVANIA          :
TRANSPORTATION AUTHORITY           :       NO. 08-2927
```

MEMORANDUM

Bartle, C.J.                                               June 16, 2009

       Before the court is the motion of defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") to vacate and strike a judgment entered by the Clerk of Court pursuant to Rule 68(a) of the Federal Rules of Civil Procedure.

       Plaintiff Ingrid Smith sued SEPTA for violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654.  On April 2, 2009, SEPTA moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  On May 1, 2009, while the motion was pending, it made an offer of judgment to plaintiff in accordance with Rule 68(a), which provides:

> More than 10 days before the trial begins, a
> party defending against a claim may serve on
> an opposing party an offer to allow judgment
> on specified terms, with the costs then
> accrued.  If, within 10 days after being
> served, the opposing party serves written
> notice accepting the offer, either party may
> then file the offer and notice of acceptance,
> plus proof of service.  The clerk must then
> enter judgment.

Fed. R. Civ. P. 68(a).  The offer stated, in relevant part, "This amount [$1,750.00] shall be the total amount to be paid by SEPTA

on account of any liability claimed in this action by plaintiff, including all costs of suit and attorneys' fees." Under Rule 68, which is designed to encourage settlement, defendant is prohibited from withdrawing that offer for a period of ten days, absent "exceptional factual situations."[1]  See Delta Airlines, Inc. v. August, 450 U.S. 346, 352 (1981); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1240 (4th Cir. 1989).

On Friday, May 15, 2009, unaware that an offer of judgment had been made, this court filed its Memorandum and Order granting SEPTA's motion for summary judgment in its entirety. Judgment was entered in its favor.  Approximately one hour later plaintiff purported to accept defendant's offer by sending a fax to this effect to the office of counsel for defendant.  Shortly thereafter, plaintiff sent an email to defense counsel reiterating acceptance of the offer and also citing Perkins v. U.S. West Communications, 138 F.3d 336 (8th Cir. 1998), "[i]n anticipation of continuing litigation."  Plaintiff was aware of the court's summary judgment ruling when it gave notice of its acceptance of defendant's offer of judgment.

Later on that same day, plaintiff filed the offer and notice of acceptance with the Clerk of Court as set forth in Rule 68(a).  As required by the Rule, the Clerk entered judgment in favor of plaintiff.  SEPTA now seeks to have this court vacate

---

1. The computation of the ten days is made pursuant to Rule 6 of the Federal Rules of Civil Procedure.

and strike the Clerk's entry of judgment in favor of  plaintiff. Under Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure, the court may do so where the judgment is void or relief is otherwise justified.

The issue now before the court is whether a Rule 68 offer of judgment remains open and subject to acceptance by plaintiff within the operative ten day period even after summary judgment has been granted against her.  Research reveals a paucity of authority addressing the question.  The two federal courts to confront the issue, neither of which is in the Third Circuit, are in conflict.

In Perkins v. U.S. West Communications, the Court of Appeals for the Eighth Circuit observed that Rule 68 "contemplates invalidity of the offer only in instances where the offer is made less than ten days before the commencement of trial."  138 F.3d at 339.  The panel reasoned that if the offer of judgment could be vitiated by a grant of summary judgment before the expiration of the ten day period, the drafters of the rule would have stated explicitly as much.  Because Rule 68 is instead silent on that point, the court determined that the grant of summary judgment did not foreclose plaintiff's ability to accept the Rule 68 offer.  Id.

The other decision to address the issue, Day v. The Krystal Co., takes the contrary position.  241 F.R.D. 474 (E.D. Tenn. 2007).  The Day court agreed that Rule 68 generally serves the important purpose of promoting the settlement of lawsuits.

It observed, however, that Rule 56 is likewise designed to permit the early and efficient resolution of disputes, albeit through a grant of summary judgment rather than settlement.  Thus, "when the Court enter[s] a final judgment in favor of defendant, the Court end[s] the litigation, and the need for settlement [i]s no longer present."  Id. at 478.  Under such circumstances, the court held, plaintiff's belated acceptance of settlement under Rule 68 should not take precedence over the court's entry of summary judgment under Rule 56.  Id.

We find the reasoning of Day persuasive.  This court granted summary judgment in favor of defendant pursuant to Rule 56 and thereby ended the litigation.  Aware of that fact, plaintiff nonetheless "accepted" the outstanding Rule 68 offer and thereby took steps to override our considered judgment through a ministerial act of the Clerk of Court.  Nothing in the plain language or history of Rule 68 compels us to allow such an extraordinary result.  As the Court of Appeals for the Fourth Circuit has recognized, the 10-day period provided in Rule 68 to accept an offer of judgment is not absolute but is subject to an earlier cut-off where "exceptional factual situations" warrant. Colonial Penn Ins. Co., 887 F.2d at 1240.  While that case involved fraud, we view the circumstances here as likewise exceptional, requiring the closing of the window of opportunity to accept the offer once summary judgment was entered. Otherwise, the plaintiff would be able to vitiate unilaterally a final order of this court.  Moreover, since summary judgment had

already been entered and the case had come to an end, permitting the second judgment to stand would in no way effectuate the purpose of Rule 68, which is to encourage settlement, and would not "secure the just, speedy, and inexpensive determination of ... [the] action," under Rule 1.

Accordingly, once the court entered summary judgment for the defendant, the plaintiff could no longer accept the outstanding offer of judgment, and the Clerk of Court had no authority to enter judgment under Rule 68.  We will grant the motion to vacate and strike the entry of judgment by the Clerk in favor of the plaintiff (Doc. No. 29).  The entry of summary judgment by the court on May 15, 2009 in favor of defendant SEPTA remains in effect (Doc. No. 27).